

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 1:06-CR-71** |
| | § | |
| **TODD ARNOLD** | § | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S**
**MOTION TO VACATE AND MOTION FOR JUDICIAL NOTICE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, the District Court referred this criminal matter to the undersigned United States Magistrate Judge for entry of recommended findings and disposition on case-dispositive motions. Pending before the Court are the Defendant's *pro se Motion to Vacate* [Clerk's doc. #25] and *Motion for Judicial Notice* [Clerk's doc. #32].

**Background**

Defendant was originally convicted of being a felon in possession of a firearm in the United States District Court for the Eastern District of Missouri. On April 23, 2004, The Honorable Richard Webber, United States District Judge, sentenced Defendant after he had entered a plea of guilty. Defendant was sentenced to thirty (30) months imprisonment to be followed by three (3) years of supervised release. On April 1, 2005, Defendant completed his period of imprisonment

and began service of the supervision term.

On June 6, 2006, pursuant to the orders of Judge Webber and Chief United States District Judge Thad Heartfield here in the Eastern District of Texas, jurisdiction over Mr. Arnold's case was transferred from the Eastern District of Missouri to the Eastern District of Texas. *See Transfer of Jurisdiction* [Clerk's doc. #1]. The case was assigned to the docket of United States District Judge Marcia A. Crone. Accordingly, Mr. Arnold's supervision was transferred to the United States Probation Office for the Eastern District of Texas.

Along with the transfer of jurisdiction, the Eastern District of Missouri also transferred the two pending petitions to revoke Mr. Arnold's supervised release which resulted in his arrest. The live petition alleges that Mr. Arnold violated several conditions of his supervised release, including committing the state offenses of theft and robbery. The record reflects that Defendant was subsequently convicted of robbery in the 253rd Judicial District Court of Liberty County, Texas. He is currently serving a five year imprisonment term in the Texas Department of Criminal Justice, Institutional Division, for that crime. While serving that sentence, pursuant to a writ, he was taken into custody of the U.S. Marshals in August 2007 to answer the pending federal petition to revoke his supervised release.

Accordingly, Defendant appeared before this Court for his initial appearance and preliminary examination on Probation's *First Amended Petition for Warrant or Summons for Offender Under Supervision* in September 2007. At that time, Mr. Arnold was appointed counsel with the Federal Public Defender's Office and waived his right to a preliminary examination to determine probable cause to support the allegations in the petition to revoke. *See Waiver* [Clerk's doc. #16].

Mr. Arnold then appeared for this Court for his final revocation hearing on October 23, 2007. At that time, the Defendant presented several motions to the Court, including his motion to terminate the services of his court-appointed counsel and request to proceed *pro se*. The Court asked Mr. Arnold a series of questions to make certain that he was aware of his right to have court-appointed counsel and the problems and concerns which accompany him representing himself. After giving Defendant those admonishments, Mr. Arnold persisted in his request to proceed *pro se*. The Court accordingly granted that request and appointed Mr. Gary Bonneaux of the Federal Public Defender's Office as standby counsel only.

Also at the October 23, 2007, hearing, Defendant himself presented several arguments regarding jurisdictional issues and his desire to file a motion to dismiss or vacate the allegations against him based upon those issues. The Court determined that those issues should be considered and disposed of before proceeding with the final revocation hearing. Accordingly, the Court reset the revocation hearing to a later date to allow for consideration of Mr. Arnold's *pro se* jurisdictional motions in the interim.

Mr. Arnold subsequently filed his written motions - the *Motion to Vacate* and the *Motion for Judicial Notice* - and they are now pending before the Court for determination. The District Court referred them to the undersigned magistrate judge for the entry of findings of fact and recommended disposition.

**Defendant's Motions**

In his motion to vacate, Mr. Arnold argues that the Government does not have territorial jurisdiction in this prosecution. In support, he contends that jurisdiction is lacking because the offenses allegedly occurred within the State of Texas on lands where the jurisdiction was not ceded

to the United States by the State of Texas. Relatedly, he argues that Congress has not given power to the district courts to use the Federal Rules of Criminal Procedure inside the jurisdiction of the states. He further contends that the Government is required to produce certified documentation establishing territorial jurisdiction in this case, and that if such jurisdiction is not established accordingly, the motion to vacate this proceeding should be granted.

In the motion for judicial notice, the Defendant requests that the Court take judicial notice of certain evidence. Namely, Mr. Arnold seeks judicial notice of the fact that a Freedom of Information Act request made to the Department of Justice for certain documents relating to Defendant's jurisdictional arguments (including a "deed of purchase" from the State of Texas and a certified copy of a letter of accepting property by a representative of the U.S. Government for the federal courthouse located at 300 Willow Street) resulted in no responsive documents. *See Letter Exhibit to Motion for Judicial Notice*.

**The Government's Response**

The Government responded in opposition to the Defendant's motion to vacate. The Government responds that Title 18, United States Code, Section 3231 provides that the United States has original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States. The Government goes on to cite other cases in which similar attacks on federal jurisdiction have been denied, and, in sum, argues that the motion should be denied because jurisdiction is statutorily mandated in his matter under Title 18.

The Government also points out that Mr. Arnold was already convicted of the original offense of felon in possession in 2003 in the Eastern District of Missouri, where jurisdiction was proper. The Government relatedly argues that jurisdiction over the proceeding was properly

transferred from that District to the Eastern District of Texas.

**Analysis**

    i. <u>Motion to Vacate</u>

Title 18, United States Code, Section 3231 gives federal courts original and exclusive jurisdiction over federal crimes. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"); *see also United States v. Casey,* No. CV.04-2844-MI/P, CR.02-20308-MI, 2005 WL 2114059 at *2, 2005 U.S. Dist. LEXIS 43995 (W.D. Tenn. Aug. 30, 2005) (citing *United States v. Allen*, 954 F.2d 1160, 1165-66 (6th Cir. 1992)). Federal courts have exclusive jurisdiction over offenses against the laws of the United States under Section 3231; the permission of the state is not a prerequisite to exercise that jurisdiction. *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992).

As discussed above, Mr. Arnold was charged, convicted, and sentenced for an offense that occurred in the Eastern District of Missouri. The proceeding was then transferred to this court, post-conviction, for purposes of the supervised release and pending petitions to revoke.

At the outset, the Court notes that post-conviction supervised release revocation proceedings are not subject to the same rules and procedures as pre-conviction criminal prosecutions. The Supreme Court long ago held that revocation hearings are not criminal prosecutions. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) ("Probation revocation, like parole revocation, is not a stage of a criminal prosecution."); *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations"); *see also United States v. Kelley*, 446 F.3d 688,

690-91 (4th Cir. 2006).

Accordingly, the applicable rules and evidentiary burdens not nearly as stringent as required in the original prosecution. It follows that the Defendant's jurisdictional attacks on the Government's case in this post-conviction revocation proceeding are even less applicable and more frivolous than they would be if he were presenting them during the initial prosecution. However, as emphasized throughout this report, Mr. Arnold was undisputedly already convicted, sentenced, and served an imprisonment term in the Bureau of Prisons on the underlying offense of felon in possession, and the supervised release conditions at issue here are part of that sentence. *See United States v. Colt*, 126 F.3d 981, 986 (7th Cir. 1996) (revocation of supervised release was merely a modification of defendant's original sentence). The record shows that jurisdiction was not disputed at the time of his original conviction and sentence, and has not been attacked until now, during the course of this revocation proceeding. Because this is a post-conviction, post-sentence revocation proceeding, the Court finds Mr. Arnold's arguments regarding jurisdiction to be unpersuasive.

Additionally, at the time of the prosecution of the underlying original offense, while the Government had the burden of proving jurisdiction at trial, it did not have to make a judicial showing of United States ownership of the property or state cession of jurisdiction regarding the specific property involved; that is simply not an element of the offenses charged.[1] *See United States v. Daily*, 921 F.2d 994, 998 (10th Cir. 1990), *overruled on other grounds by United States v. Gaudin*, 515 U.S. 506, 132 L. Ed. 2d 444, 115 S. Ct. 2310 (1995) (*overruling recognized in United States v. Wiles*, 102 F.3d 1043, 1054 (10th Cir. 1996) (en banc)) (finding the argument is "wholly without

---

[1] In contrast, the Government has to prove territorial jurisdiction only when it is an element of the offense charged. *See United States v. Benson*, 495 F.2d 475, 481 (5th Cir. 1974)(defendant charged with robbery committed "within the special maritime and territorial jurisdiction of the United States).

merit"). It follows that, in this revocation proceeding, which stems from Mr. Arnold's sentence of supervised release on the original conviction, the Government is also not required to make such a showing.

The Sixth Circuit Court of Appeals has rejected identical arguments as frivolous. *See United States v. Hamilton*, 263 F.3d 645, 655 (6th Cir.), *cert. denied* 535 U.S. 1007 (2002) (rejecting the argument that Louisville, Kentucky is outside the jurisdiction of the federal government: "This is a frivolous argument that ignores the basic principles of federalism. The fact that Kentucky has sovereignty within its boundaries does not bar the United States from having concurrent jurisdiction to indict and prosecute Hamilton for federal crimes occurring within those same boundaries."); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (defendant's argument that he could not be prosecuted for income tax violations because he was a resident of Michigan and not of any "federal zone" was "completely without merit and patently frivolous").

As stated, Mr. Arnold makes an additional argument that Congress has not given power to the district courts to use the Federal Rules of Criminal Procedure inside the jurisdiction of the states. This argument is also without merit.

The Federal Rules of Criminal Procedure apply to all criminal proceedings in federal courts, including revocation proceedings. *See Harrison v. Unites States*, 191 F.2d 874, 875 (5th Cir. 1951); *see also* FED. R. CRIM. P. 1(a)(1) ("these rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States"). The Federal Rules of Criminal Procedure were promulgated pursuant to statutory authority granted by Congress to the Supreme Court to prescribe rules of pleading, practice, and procedure in criminal cases in the federal courts. 24 JAMES WM. MOORE ET AL., MOORE'S FEDERAL

PRACTICE § 601.02 (3d ed. 1997); *see also original version of* FED. R. CRIM. P. 59 (1946); *Order*, 323 U.S. 821 (1944) (making March 21, 1946, the effective date of the original Rules of Criminal Procedure, as transmitted to Congress); and 28 U.S.C. §§ 2072, 2074 (the Rules Enabling Act passed by Congress)[2]; *United States v. Hinton*, No. 99-1340, 2000 U.S. App. LEXIS 12154 (10th Cir. June 2, 2000).

Accordingly, based upon this well-settled precedent, the Court overrules the Defendant's argument that the Federal Rules of Criminal Procedure are inapplicable. Secondly, insofar as Arnold contends that the Rules do not apply because of his argument that jurisdiction is lacking, the Court also finds this to be without merit as it has already concluded that the jurisdictional issue presented by his motion is frivolous.

### ii. Motion for Judicial Notice

Finally, regarding the motion for judicial notice, the Court also finds that motion to be without merit. First, Mr. Arnold's motion is vague about the pertinent evidence of which he is seeking judicial notice. Secondly, the Court finds that the information set forth in his motion does not satisfy the applicable rule governing instances in which the Court must take judicial notice.

Federal Rule of Evidence 201(b) states that "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)**.** In reading the motion, the Court concludes that Mr. Arnold is asking the Court to take judicial notice that the information requested

---

[2] *See Ortiz v. Fireboard Corp.*, 527 U.S. 815 (1999) (thoroughly discussing the application of the Rules Enabling Act and congressional intent behind that Act).

from the Department of Justice - including a deed of purchase for the federal courthouse, a letter of sufficiency of title from the Attorney General, and a certified copy of a letter of acceptance of property from the federal government - is not in existence simply because the Department of Justice did not have documents responsive to the request. However, the same responsive letter from the Department of Justice clearly states that "the presence or absence of the records you requested in this Division's files does not indicate the existence or non-existence of federal legislative jurisdiction over a site." *See Letter Exhibit to Motion for Judicial Notice*. Accordingly, the information referenced in the motion for judicial notice can be considered "subject to reasonable dispute" under Federal Rule of Evidence 201(b). Furthermore, the supporting information provided by Mr. Arnold, the Freedom of Information Act responsive letter from the Department of Justice, is not sufficient "necessary information" within the meaning of Rule 201(d) which would justify granting the request for judicial notice.

**Conclusion and Recommendation of the Court**

Accordingly, having considered the motion, responses, and relevant precedent, and based upon the findings of fact and conclusions law stated herein, the undersigned magistrate judge recommends that the District Court deny Defendant's *Motion to Vacate* [Clerk's doc. #25] and Motion for Judicial Notice [Clerk's doc. #32].

**Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within ten (10) days of receipt of this report. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after

service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 9th day of January, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE